COREY'S WHOLESALE FRUIT COMPANY, A CORPORATION, *Plaintiff in Error,* v. W. R. FULLER & COMPANY, PARTNERS, *Defendants in Error.*

Where a car load of fruit is shipped with the right of the consignee to inspect and accept or reject on arrival, and the consignee does not inspect and accept or reject the fruit upon arrival, but pays the draft for the price, and after distributing a portion of the fruit discovers that much of the car-load is defective and does not then reject the fruit and notify the consignor or his authorized agent, but uses such of the fruit as he desires to use, without making a binding new contract with the consignor or his authorized agent, the consignee cannot afterwards recover from the consignor the value of the alleged defective fruit.

This case was decided by Division A.

Writ of error to the Circuit Court for Hillsborough County.

The facts in the case are stated in the opinion of the court.

*V. H. Knight* and *Wall & McKay,* for Plaintiff in Error;

*Jas. F. Glen,* for Defendants in Error.

WHITFIELD, C. J.—The defendants in error on November 16th, 1904, shipped from Florida a carload of three hundred boxes of oranges to the plaintiff in error at Charleston, West Virginia, with the right of the consignee to inspect and accept or reject them upon arrival.

On the next day the defendants in error advised the plaintiff in error of the shipment. The car arrived at its

destination the latter part of the month; the consignee paid the draft attached to the bill of lading and after distributing some of the oranges among its patrons discovered that many of them were defective. The consignee did not upon this discovery return the fruit to the car and refuse to take it, but used the fruit and endeavored to arrange a settlement on the basis of the value of the good fruit. Finally suit was brought to recover the value of the defective fruit that had been paid for. A verdict was directed for the defendant and judgment entered thereon, to which this writ of error was taken.

The payment of the draft attached to the bill of lading did not of itself complete the purchase, but the fruit was subject to rejection on inspection. It then became the duty of the consignee to inspect and accept or reject the fruit and to notify the consignors or their authorized agent if rejected.

In distributing some of the oranges among its customers and in not promptly rejecting the fruit and notifying the consignors or their agents upon discovery of its defective condition and in using such of the fruit as it desired to use, the consignee did not reject, but in effect confirmed the purchase and the title passed to the consignee, leaving the consignee's redress to the warranty, if any. The consignors could not then have had redress for injury, if any, to the fruit caused by negligent delay in transportation.

While the correspondence indicated the character of the fruit shipped, the notice to the consignee of the shipment advised him that his right was to inspect and accept or reject the fruit, and this apparently rebutted a warranty.

Even if the consignee used the fruit upon the suggestion of the consignor's shipping agent in West Virginia,

that an adjustment would likely be made, it does not appear that there was authority for this, and the use of the fruit was not made a consideration for a settlement.

This disposes of the merits of the controversy and the judgment is affirmed.

SHACKLEFORD and COCKRELL, J. J., concur;

TAYLOR, HOCKER and PARKHILL, J. J., concur in the opinion.